FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Aug 31, 2021**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BETTY JEAN H.,[1]<br><br>                    Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI,[2]<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | NO:  2:20-CV-0262-LRS<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment.
ECF Nos. 19, 20.  This matter was submitted for consideration without oral
argument.  Plaintiff is represented by attorney Gary R. Penar.  Defendant is
represented by Special Assistant United States Attorney Lars J. Nelson.  The Court,
having reviewed the administrative record and the parties' briefing, is fully

---

[1] Plaintiff's last initial is used to protect her privacy.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9,
2021.  The Court therefore substitutes Kilolo Kijakazi as the Defendant and directs
the Clerk to update the docket sheet.

ORDER - 1

informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 19, is denied and Defendant's Motion, ECF No. 20, is granted.

## JURISDICTION

Plaintiff Betty Jean H. (Plaintiff), filed for disability insurance benefits (DIB) and supplemental security income (SSI) on June 8, 2018, alleging an onset date of January 2, 2015, in both applications.  Tr. 203-16.  Benefits were denied initially, Tr. 122-25, and upon reconsideration, Tr. 132-39.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on October 30, 2019.  Tr. 33-63.  On November 15, 2019, the ALJ issued an unfavorable decision, Tr. 15-27, and on June 2, 2020, the Appeals Council denied review.  Tr. 1-6.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 48 years old at the time of the hearing.  Tr. 203, 210.  She graduated from high school, attended culinary school, and is certified to provide home care services.  Tr. 360.  She has work experience as short order cook, metal furniture assembler, sales clerk, and sales attendant.  Tr. 54-58.

Plaintiff testified she has had headaches for years, but they became more severe since 2015.  Tr. 39.  She started having three to four migraines a week and averages about 20 migraines per month.  Tr. 45-46.  She also has "low grade"

ORDER - 2

headaches. Tr. 45. She takes prescription medication for her migraines and she needs to lie down in a dark, quiet room for several hours. Tr. 46. She cannot work because the migraine medication makes her sleep. Tr. 47. Plaintiff also has psychological issues. Tr. 40. She stopped working after an incident at work which caused panic attacks, flashbacks to earlier trauma, problems focusing, and was overwhelmed by simple tasks. Tr. 42. She has difficulty leaving the house and going outside. Tr. 47-48. She testified she rarely leaves her bedroom, perhaps only two or three times per day. Tr. 48.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156

ORDER - 3

(9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-

(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER - 5

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 6

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since January 2, 2015, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, migraines, posttraumatic stress disorder (PTSD), major depressive disorder, anxiety, and personality disorder. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19.

The ALJ then found that Plaintiff has the residual functional capacity to perform medium work with the following additional limitations: "she cannot have concentrated exposure to extreme cold or heat and can have no exposure to pulmonary irritants; she can have no contact with the public; and she requires a routine, predictable work environment with no more than occasional changes." Tr. 20.

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a metal furniture assembler. Tr. 26. Alternatively, at step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity with a limitation to light work and environmental

ORDER - 7

limitations, the ALJ found there are other jobs existing in significant numbers in the national economy that Plaintiff can perform such as housekeeping cleaner, food sorter, and office helper. Tr. 26-27. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 2, 2015, through the date of the decision. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 19. Plaintiff raises the following issues for review:

1.    Whether the ALJ properly evaluated Plaintiff's symptom testimony; and

2.    Whether the ALJ properly considered the medical opinion evidence. ECF No. 19 at 5.

## DISCUSSION

**A.    Briefing**

At the outset, Defendant observes Plaintiff's summary judgment briefing violates the formatting requirements of the local rules. ECF No. 20 at 2. Indeed, Plaintiff's opening brief violates the local rules by using typeface smaller than 14 point and by failing to double-space text and footnotes. ECF No. 19; L.Civ.R. 10(d). These violations mean Plaintiff's brief is effectively longer than the 20-page limit for dispositive motions. L.Civ.R. 7(f). Defendant urges the court to strike Plaintiff's

ORDER - 8

brief or reply.  ECF No. 20 at 3.  On reply, Plaintiff acknowledges the error, apologizes to the court, withdraws the footnotes in the opening brief, and submits a shortened reply.  ECF No. 21.  The court finds this is an acceptable resolution and declines to consider the contents of the footnotes in Plaintiff's opening brief.  The court admonishes counsel to be mindful of the applicable court rules as future filings which violate formatting rules may be stricken.

**B.    Symptom Testimony**

Plaintiff contends the ALJ improperly rejected her symptom testimony.  ECF No. 19 at 18-23.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ

ORDER - 9

must identify what testimony is not credible and what evidence undermines the

claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see*

*also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make

a credibility determination with findings sufficiently specific to permit the court to

conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The

clear and convincing [evidence] standard is the most demanding required in Social

Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

*Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter*

*alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

claimant's testimony or between his testimony and his conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from

physicians or third parties concerning the nature, severity, and effect of the

claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found that Plaintiff's presentation at the hearing contradicted

her testimony. Tr. 21-22. An ALJ may properly consider personal observations of

a claimant's presentation of symptoms at a hearing when it is inconsistent with the

medical evidence and the claimant's own behavior at the hearing. *See Verduzco v.*

*Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). The ALJ observed that Plaintiff testified

she had a migraine during the hearing, which is her worst kind of headache, and that

she had not taken medication for it. Tr. 21, 52. The ALJ noted that earlier in the

hearing, Plaintiff testified that when she has a migraine she has to lie down in a dark,

ORDER - 10

quiet room, Tr. 46-47, but the hearing room had bright lights, she had no eye protection, and she appeared to be in no discomfort during an hour of questioning. Tr. 22. The ALJ therefore found that Plaintiff's testimony that her migraines are incapacitating is contradicted by her presentation at the hearing. Tr. 22. Because Plaintiff's behavior at the hearing was inconsistent with her own testimony, this is a clear and convincing reason supported by substantial evidence.

Second, the ALJ found the medical treatment record is inconsistent with Plaintiff's testimony that her migraines are disabling. Tr. 22. Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). The ALJ acknowledged that Plaintiff has chronic low-grade headaches which impair her to a mild degree and included limitations on temperature and stress in the RFC to accommodate them. Tr. 22. The ALJ also noted that before seeing a neurologist in January 2019, the record documents headaches as only an occasional complaint. Tr. 22. In August 2016, Plaintiff reported intermittent migraines and a daily mild headache, Tr. 465-66; in September 2016, her headaches were improved but not resolved with medication, Tr. 463; and in December 2016, she had a headache three to four times per week likely due to a sinus infection, Tr. 458-60. The ALJ noted that migraines were not mentioned again until June 2017, when it was reported that her migraines were not responding to medication "as before." Tr. 457. Headaches were not

1  mentioned again until September and November 2018 when Plaintiff reported

2  increasing migraines of three to four per week.  Tr. 266-67, 438-39, 644.

3        In January 2019, Plaintiff reported to a neurologist that she had headaches

4  nearly every day, although exam findings were normal except for a B12 deficiency.

5  Tr. 656.  Preventative medication was prescribed, and Plaintiff had "an excellent

6  response" in the reduction of number and duration of headaches.  Tr. 660, 667.

7  However, the improvement did not continue so in September 2019, she was referred

8  to a headache clinic for consideration of Botox injections which had not occurred at

9  the time of the hearing.  Tr. 22, 53, 669, 682.  The ALJ found it difficult to conclude

10  that Plaintiff's headaches were disabling based on the delay in seeing a specialist,

11  the lack of regular treatment by the neurologist, and the delay in pursuing additional

12  treatment.  Tr. 22.

13        Plaintiff characterizes her headaches as "episodic and varied" and argues that

14  does not detract from the overall severity of her condition.  ECF No. 19 at 21 (citing

15  *Kornock v. Harris*, 648 F.2d 535, 527 (9th Cir. 1980).  However, Plaintiff testified

16  that since January 2015, she has been having severe migraines approximately 3-4

17  days per week and she also has low-grade headaches.  Tr. 21, 45-46.  The ALJ

18  reasonably found that the record does not document complaints of headaches at that

19  level and therefore the conclusion that Plaintiff's complaints regarding the frequency

20  and intensity of headaches is not consistent with the record is supported by

21  substantial evidence.

Plaintiff also argues that the ALJ's conclusions regarding conservative or minimal treatment are "medical opinions in the guise of evidence evaluation." ECF No. 19 at 21. While it is improper for an ALJ to substitute his opinion for the opinion of a medical doctor, *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), the ALJ is responsible for determining whether a claimant meets the statutory definition of disability, not a physician. Social Security Ruling (S.S.R.) 96-5p, at *5 (July 2, 1996), *available at* 1996 WL 374183. Here, the ALJ's findings are based on the evidence in the record and are properly part of the disability analysis.

Third, the ALJ found the mental health treatment record indicates that although Plaintiff had some exacerbation of symptoms, they were based on distinct circumstances, and she is otherwise quite functional. Tr. 22-23. If a claimant suffers from limitations that are transient and result from situational stressors, as opposed to resulting from a medical impairment, an ALJ may properly consider this fact in discounting Plaintiff's symptom claims. *See Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. 2016) (concluding symptom testimony properly rejected in part because "the record support[ed] the ALJ's conclusion that [plaintiff's] mental health symptoms were situational").[3] The ALJ acknowledged Plaintiff has a history of

---

[3] *See also Kimberlee L. v. Comm'r of Soc. Sec. Admin.*, No. 2:18-CV-00236-MKD, 2019 WL 2251824, at *9 (E.D. Wash. May 9, 2019), *report and recommendation adopted sub nom. Kimberlee Anne L. v. Comm'r of Soc. Sec. Admin.*, No. 2:18-CV-

ORDER - 13

significant abuse but observed that two exacerbations of symptoms occurred in 2014, before the alleged onset date and after which she returned to work.  Tr. 22, 330, 344-48.  The ALJ acknowledged another exacerbation of symptoms between May and November 2018 involving the proximity of a registered sex offender to her home, Tr. 417-36, 504-95, but observed this was a non-durational period of time.[4] Other than before the alleged onset date or during the non-durational exacerbation, the ALJ found Plaintiff's psychiatric status was quite functional, evidenced by

---

236-RMP, 2019 WL 2250279 (E.D. Wash. May 24, 2019); *Brendan J. G. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-742-SI, 2018 WL 3090200, at *7 (D. Or. June 20, 2018); *Rys v. Berryhill*, No. CV 16-8391-JPR, 2018 WL 507207, at *15 (C.D. Cal. Jan. 19, 2018); *Menchaca v. Comm'r, of Soc. Sec. Admin.*, No. 6:15–cv–01470–HZ, 2016 WL 8677320, at *7 (D. Or. Oct. 7, 2016); *Oraivej v. Colvin*, No. C15-630-JPD, 2015 WL 10713977, at *6 (W.D. Wash. Oct. 5, 2015); *Wright v. Colvin*, No. 13-CV-3068-TOR, 2014 WL 3729142, at *5 (E.D. Wash. July 25, 2014); *but see Bryant v. Astrue*, No. C12-5040-RSM-JPD, 2012 WL 5293018, at *5–7 (W.D. Wash. Sept. 24, 2012).

[4] The regulations provide that "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.  We call this the duration requirement."  20 C.F.R. §§ 404.1509, 416.909.

largely normal mental status exams.  Tr. 22-23; Tr. 347 (Jan. 2015 - mild distress, anxious and mildly depressed mood, tearful on occasion, otherwise essentially normal), 331 (Feb. 2015 – no abnormal findings), 472 (Feb. 2015 – mood and affect stable), 514 (Feb. 2015 – no abnormal findings), 467 (June 2016 – normal findings), 460 (Dec. 2016 – normal MSE), 352 (Dec. 2017 - normal findings), 424 (June 2018 – barely adequately groomed, fleeting eye contact, anxious and depressed mood, tearful, fair to limited insight, judgment, and impulse control), 427 (July 2018 – more alert, less anxious mood, brighter affect, admitted some paranoid thoughts, fair and significantly improved insight, judgment, and impulse control), 504-05 (Sept. 2018 - no abnormal findings), 420 (Oct. 2018 – better groomed, significantly less anxious, brighter affect, more confident), 418 (Nov. 2018 – no abnormal findings), 644 (Nov. 2018 – good mood, mildly interactive, depression stable but not improved), 641 (Dec. 2018 – no abnormal findings, within normal limits), 643 (Dec. 2018 - mood somewhat flat, stressed over finances for the holidays, depression stable).

Defendant characterizes this evidence as "periodic reports of improvement or normal presentations on mental status examinations" and argues the evidence demonstrates evidence of "waxing and waning symptoms." ECF No. 19 at 22. However, the evidence cited by the ALJ indicates that most mental status findings were generally normal, with occasional situational exacerbations of symptoms.  The ALJ reasonably found the evidence demonstrates Plaintiff's baseline psychiatric status is functional and not as limited as alleged.

ORDER - 15

The ALJ also noted that Plaintiff attended only a few mental health therapy sessions during the relevant period. Tr. 22, 419, 504, 506, 508, 513. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may undermine symptom claims. While there are any number of good reasons for not doing so, *see*, e.g., 20 C.F.R. §§ 404.1530(c), 416.930(c); *Gallant v. Heckler*, 753 F.2d at 1455, a claimant's failure to assert one, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff testified she could not afford gas money to travel to her therapist but continued to see her primary care provider and neurologist. Tr. 22, 49-52. The ALJ found Plaintiff's explanation that she did not have gas money to see the therapist does not make sense since she traveled to see her neurologist who is located farther away than the therapist. Tr. 22. The ALJ's finding is supported by substantial evidence and is based on a reasonable inference.

Fourth, the ALJ found some of Plaintiff's reports to her providers are inconsistent with her allegations. Tr. 23. The ALJ evaluates a claimant's statements for their consistency, both internally and with other information in the case record. S.S.R. 16-3p, at *6 (October 25, 2017), *available at* 2017 WL 5180304. The ALJ noted that the record indicates that in in June 2015, Plaintiff reported "her mental state is great right now," Tr. 470; in November 2015, she was upset over her sister's lymphoma, but later that month all medical conditions were controlled with medication, Tr. 468-69; in December 2016, although she still had occasional panic,

ORDER - 16

her panic and depression were controlled with medication, Tr. 458; and in August

2018, Plaintiff's asthma and PTSD were noted to be controlled, Tr. 448.  Tr. 23.

These statements were reasonably found by the ALJ to be inconsistent with

allegations of total disability.

Fifth, the ALJ found Plaintiff's mental health impairments improved with

treatment.  Tr. 23.  The effectiveness of treatment is a relevant factor in determining

the severity of a claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3);

*Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)

(determining that conditions effectively controlled with medication are not disabling

for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d

1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can

undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ observed that although Plaintiff had a mental health crisis beginning in

May 2018, Tr. 452, she had "noticeable improvement" with medication by the end

of June 2018 and she was sleeping better.  Tr. 23, 426, 450.  By July 2018, Plaintiff

was "doing a lot better," had driven herself to her appointment for the first time and

was sleeping through the night without nightmares.  Tr. 23, 427, 449.  Similarly, in

August 2018, Plaintiff was "doing much better," had been getting good sleep

without nightmares or flashbacks, and her anxiety had decreased.  Her PTSD was

described as "controlled."  Tr. 23-24, 423, 448.  In October 2018, Plaintiff reported

she had not been doing as well, but she had run out of her medication.  Tr. 24, 419.

After her prescription was renewed, she was again sleeping well, and her anxiety and

ORDER - 17

1   depression "had remitted a fair bit," although she was would not go in her back yard

2   or in the street if the sex offender was on the road.  Tr. 24, 418.  Plaintiff contends

3   that the fact that she tried numerous medications for headaches and her mental health

4   impairments provides "ample support" for her claim of total disability.  ECF NO. 19

5   at 22.  However, the ALJ reasonably found that the record suggests Plaintiff's

6   mental health symptoms improved with treatment.

7       Sixth, the ALJ found the evidence indicates Plaintiff has low motivation to

8   work.  Tr. 24.  An ALJ may draw reasonable inferences regarding a claimant's

9   motivation to work.  *See Tommasetti*, 533 F.3d at 1040.  The ALJ noted that

10  Plaintiff's psychiatrist indicated, "[s]he has become very comfortable being taken

11  care of without making any effort on her own."  Tr. 24, 419.  The ALJ also noted a

12  somewhat inconsistent work history.  Tr. 24, 226-27.  The ALJ concluded these two

13  data points suggest low motivation to work.  Tr. 24.  This is a clear and convincing

14  reason supported by substantial evidence.

15      Seventh, the ALJ found Plaintiff engaged in high functioning activities of

16  daily living which are inconsistent with her allegations of total disability.  Tr. 24.  It

17  is reasonable for an ALJ to consider a claimant's activities which undermine claims

18  of totally disabling pain in assessing a claimant's symptom complaints.  *See Rollins*

19  *v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  However, it is well-established

20  that a claimant need not "vegetate in a dark room" in order to be deemed eligible for

21  benefits.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Notwithstanding, if

a claimant is able to spend a substantial part of her day engaged in pursuits involving

ORDER - 18

1  the performance of physical functions that are transferable to a work setting, a

2  specific finding as to this fact may be sufficient to discredit an allegation of

3  disabling excess pain. *Fair,* 885 F.2d at 603. Furthermore, "[e]ven where

4  [Plaintiff's daily] activities suggest some difficulty functioning, they may be

5  grounds for discrediting the claimant's testimony to the extent that they contradict

6  claims of a totally debilitating impairment." *Molina,* 674 F.3d at 1113.

7       The ALJ observed that Plaintiff reported no problems with personal care, she

8  cares for pets, makes her own meals, does laundry, vacuums, washes dishes, goes

9  out alone, drives, and manages financial accounts. Tr. 24, 259-61. She also reported

10  that she enjoys painting and tending to her animals, that she has no friends but talks

11  with her siblings and has minimal conflict with her husband. Tr. 24, 509. The ALJ

12  concluded that given her allegation of daily or near-daily headaches, the fact that she

13  accomplishes these activities suggests the headaches are low grade and not

14  disabling. Tr. 24.

15       Plaintiff contends the ALJ was required to show that Plaintiff spent a

16  "substantial part of a typical day" engaged in activities inconsistent with disabling

17  limitations. ECF No. 19 at 23 (citing *Vertigan v. Halter,* 260 F.3d 1044, 1049-50).

18  However, even if a claimant's daily activities do not demonstrate a claimant can

19  work, they may undermine the claimant's complaints if they suggest the severity of

20  the claimant's limitations were exaggerated. *See Valentine v. Comm'r of Soc. Sec.*

21  *Admin.*, 574 F.3d 685, 693 (9th Cir. 2009); *see also Molina*, 674 F.3d at 1113. Even

if the activities cited by the ALJ do not rise to the level of activity inconsistent with

ORDER - 19

Plaintiff's allegations, the ALJ cited other clear and convincing reasons supported by substantial evidence.  *See Molina*, 674 F.3d at 1115; *Carmickle*, 533 F.3d at 1162-63.

Lastly, Plaintiff contends the ALJ's reasons for rejecting Plaintiff's symptom testimony are insufficiently specific.  ECF No. 19 at 19-20.  The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged, but that Plaintiff's assertion of total disability is not supported by the weight of the evidence.  Tr. 21.  Plaintiff claims the ALJ "failed to connect her characterization of the medical record with any particular symptom testimony." ECF No. 19 at 20.  However, the ALJ described Plaintiff's symptom testimony and cited specific testimony in explaining the reasons for giving less weight to Plaintiff's symptom claims.  Tr. 21-24.  For example, "[h]er testimony that her migraines are incapacitating is thus contradicted by her presentation at the hearing;" "[h]er explanation [at the hearing] for failure to continue mental health therapy does not make sense;" and "[g]iven her allegation of daily or near-daily headaches, the fact that she is able to accomplish these activities of daily living suggests the headaches are quite low grade." Tr. 22, 24.  Other examples are discussed elsewhere in this decision.  The ALJ discussed Plaintiff's symptom testimony with sufficient specificity and provided numerous clear and convincing reasons supported by substantial evidence for the weight assigned to the testimony.

**B.    Medical Opinion Evidence**

1    Plaintiff contends the ALJ failed to properly consider the opinion of Donald F.

2    Condon, M.D., a treating physician.  ECF No. 19 at 13-18.  In September 2019, Dr.

3    Condon completed a "Physical Medical Source Statement" form and listed

4    diagnoses of migraines, depression, anxiety, and PTSD.  Tr. 646-49.  He indicated

5    Plaintiff's symptoms include headaches and nightmares.  Tr. 646.  He opined that

6    she could sit or stand for 20 minutes at time and sit, stand, or walk for at least six

7    hours a day; could lift or carry ten pounds frequently and 20-50 pounds

8    occasionally; and that she has no postural limitations.  Tr. 647-48.  Dr. Condon

9    opined Plaintiff would be off task more than 25 percent of the day and that she is

10    incapable of "low stress" work due to depression, anxiety, PTSD, and migraines.  Tr.

11    649.  He indicated she would miss four or more days of work per month due to her

12    impairments.  Tr. 649.

13    In October 2019, Dr. Condon completed a "Headaches Medical Source

14    Statement" form and indicated that Plaintiff experiences migraines and cluster

15    headaches.  Tr. 686-90.  He opined her headaches are severe and prevent all activity.

16    Tr. 686.  He reported Plaintiff has six headaches per week which last from two to

17    eight hours.  Tr. 687.  Dr. Condon indicated that bright lights, noise, stress, strong

18    odors, and weather changes trigger Plaintiff's headaches.  Tr. 687.  He further

19    indicated she is incapable of low stress work because it would make her headaches

20    more intense and that her medications sedate her, causing her to be unable to

21    perform basic work activities.  Tr. 688.  The ALJ considered Dr. Condon's opinions

and found them unpersuasive.  Tr. 25.

For claims filed on or after March 27, 2017, new regulations changed the framework for evaluation of medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, explain how

other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[5]

However, when two or more medical opinions or prior administrative findings

"about the same issue are both equally well-supported . . . and consistent with the

record . . . but are not exactly the same," the ALJ is required to explain how "the

other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.

20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

 First, the ALJ considered supportability and found Dr. Condon's opinions are

given on check-box forms without meaningful explanation.  Tr. 25.  "The more

relevant the objective medical evidence and supporting explanations presented by a

medical source are to support his or her medical opinion(s) or prior administrative

medical finding(s), the more persuasive the medical opinions or prior administrative

medical finding(s) will be."  20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

Dr. Condon did not explain his opinions or cite objective evidence to justify the

limitations he assessed.  Tr. 646-49, 686-90.  The ALJ's conclusion that the forms

---

[5] The parties disagree over whether Ninth Circuit case law continues to be

controlling in light of the new regulations.  ECF No. 19 at 13-14; ECF No. 20 at

13-14.  The Court finds resolution of this question unnecessary to the disposition

of this case.

completed by Dr. Condon do not contain meaningful explanation is supported by substantial evidence and this is a reasonable basis for finding them less persuasive.[6]

Second, the ALJ considered the consistency of Dr. Condon's opinions with other evidence in the record and found that Dr. Condon's opinion is inconsistent with neurology treatment notes, Plaintiff's complaints to the neurologist, and his own treatment notes. Tr. 25. "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or

---

[6] Case law preexisting the new regulations provides that individual medical opinions are preferred over check-box reports. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). If treatment notes were consistent with the opinion, however, a conclusory opinion, such as a check-box form, was not to be automatically rejected. *See Garrison*, 759 F.3d at 1014 n.17; *see also Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017). While interplay of existing case law and the new regulations is unclear regarding opinions on forms completed with minimal explanation, the court need not resolve the issue because the ALJ also found Dr. Condon's opinion is inconsistent with his own treatment notes, which is the other factor to be considered under the new regulations.

ORDER - 24

prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The ALJ found Dr. Condon's opinion is inconsistent with Plaintiff's complaints to the neurologist and with the neurology notes. The ALJ cited a May 2019 neurology record indicating that Plaintiff reported six migraines per month for three hours each, Tr. 669, and compared it to the headache questionnaire completed by Dr. Condon indicating six headaches per week which last from two to eight hours. Tr. 687. However, the neurology record cited by the ALJ indicates that Plaintiff reported six migraines per month but "continues having frequent headaches." Tr. 669. Later in the same record, the neurologist described Plaintiff's headaches as "daily headaches with vascular qualities, suggestive of chronic migraines, some may be transformed migraines and some may be rebound headaches." Tr. 674. The neurologist's records do not indicate that Plaintiff complained of six migraines per week, only that Plaintiff had some form of frequent headaches, so Dr. Condon's statement that Plaintiff suffered six headaches per week is not necessarily inconsistent with the neurology records. To the extent the ALJ erred, the error is harmless because the ALJ noted other inconsistencies supported by substantial evidence. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health and Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984).

The ALJ also found Dr. Condon's opinion is inconsistent with his own unremarkable treatment notes. Tr. 25. As an example, the ALJ cited a treatment

note from a December 2018 office visit regarding sinus congestion, cough, and a sore throat. Tr. 25, 641. Although it was noted that Plaintiff indicated she had a headache and malaise, no treatment was specifically noted for headaches. Tr. 641. Similarly, as discussed *supra*, Dr. Condon's treatment notes only intermittently document headaches. From August 2016 to June 2017, Dr. Condon noted intermittent migraines (Tr. 466), daily mild headaches (Tr. 465), headaches improved but not resolved with medication (Tr. 463), concerns regarding headaches which were attributed to sinus issues (Tr. 458), and migraines not responding to medication (Tr. 457). Thereafter, Dr. Condon's treatment notes made little or no mention of headaches again until November and December 2018, when Dr. Condon noted Plaintiff complained of migraines three to five times per week and that medication did not improve migraines. Tr. 438-39, 643-44. In June 2019, it was noted that Plaintiff had been seen by a neurologist for headaches and was diagnosed with low B12. Tr. 640. Overall, the ALJ's characterization of Dr. Condon's notes as "unremarkable" is reasonable. Nothing in these records suggests findings or complaints supporting the level of limitations assessed by Dr. Condon. The ALJ's finding regarding the consistency of Dr. Condon's own treatment notes with his opinions is supported by substantial evidence.

Third, the ALJ found Dr. Condon's September 2019 opinion is somewhat consistent with the RFC finding but is qualified by other restrictions unsupported by the longitudinal record. Tr. 25. The ALJ observed that Dr. Condon's opinion that Plaintiff is capable of a range of medium exertion is similar to the RFC finding, but

also found the significant limitations assessed by Dr. Condon regarding sitting and standing for 20 minutes at a time, being off task 25% or more of a typical workday, being incapable of even low stress work, and being likely miss more than four days of work each month are not supported by the longitudinal record.  Tr. 25.  This finding is supported by substantial evidence in light of Dr. Condon's treatment notes and other records discussed throughout this decision.  The ALJ's conclusions that the limitations assessed are not supported by the longitudinal record and that Dr. Condon's opinions are therefore not persuasive are reasonable and are supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 19, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is GRANTED.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** August 31, 2021.

LONNY R. SUKO
Senior United States District Judge

ORDER - 27